IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| STEVEN J. MULLIGAN, | Case No. 17-cv-09390 (ALC)(KNF) |
| --- | --- |
| Plaintiff, | **PROTECTIVE ORDER** |
| -against- | |
| VERIZON NEW YORK INC. and JAMES MELCHIONE, | |
| Defendants. | |



J. Kevin Nathaniel Fox, United States Magistrate Judge:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this litigation, it is therefore hereby ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any information of any kind — whether in documents, testimony, or any other form — provided in the course of this litigation ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

2. The person producing any given Discovery Material may designate as "Confidential" any Discovery Material or portion of Discovery Material that

contains non-public business, commercial, financial, or personal information, including but not limited to the dates of birth and medical information of other employees who are not involved in this action, and the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within three days of receipt of the transcript. At the end of such three day period, the deposition shall be classified appropriately.

4. At any time prior to the trial of this action, any Discovery Material produced without limitation may be designated by the producing person as Confidential by informing all parties in writing that the Discovery Materials should be treated as Confidential under this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential by the producing person to any other person, except:

a. the parties to this action and personnel of the parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

b. counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

e. any person retained by a party to serve as an expert witness in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

f. stenographers engaged to transcribe depositions conducted in this action; and

g. the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

> A motion must be made to the Court before any material may be filed under seal. If the motion is granted, the material

7. ~~All Confidential Discovery Material filed with the Court, and all portions of~~ pleadings, motions, ~~or other~~ papers filed with the Court that disclose such ~~Confidential Discovery Material,~~ shall be filed under seal with the Clerk of the Court in the manner provided by the Court's "Redactions and Filing Under Seal" Rules (available on the Court's website). The parties will use their ~~reasonable~~ best efforts to minimize the (number of motions to file material the using) ~~filing of Discovery Materials~~ under seal. Any party wishing to file a document under seal must first make a motion and obtain approval of the Court before doing so.

8. Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If the parties cannot reach a prompt agreement respecting the objection, the parties may seek a ruling from the Court.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized disclosure of such material.

10. This Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," including copies, shall be returned promptly to the producing person, or, upon permission of the producing person, destroyed. In the event that the receiving person destroys physical objects and documents, such party shall certify in writing within 30 days of the final termination of this litigation that it

has undertaken its best efforts to destroy such physical objects and documents and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. ~~Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any receiving person, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any party or non-party or their affiliate(s) in connection with any other matter.~~

11. If a receiving person is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the receiving person from which the Confidential Information is sought shall (a) give written notice by email to the counsel for the producing person within three (3) days of receipt of such order, subpoena, or direction, and (b) give the producing person five (5) days to object to the production of such Confidential Information, if the producing person so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

12. The term "days" refers to business days unless otherwise noted.

60237988v.1

13. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

14. The Court does not retain jurisdiction over orders such as this after the litigation is concluded.

15. This Stipulation and Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Stipulation and Order other than the parties to this action, and no other person shall acquire any right hereunder.

16. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

The Seltzer Law Group P.C.

By: _____
Steven Seltzer, Esq.
125 Maiden Lane, Suite 507
New York, NY 10038
(646) 863-1909

*Attorneys for Plaintiff*

Seyfarth Shaw LLP

By: _____
Howard M. Wexler, Esq.
Anne Dana, Esq.
620 Eighth Avenue
New York, NY 10018
(212) 218-5500

*Attorneys for Defendants*

Dated: _____

SO ORDERED: 11/19/19

_____
Hon. Kevin Nathaniel Fox
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN J. MULLIGAN,<br><br>          Plaintiff,<br><br>-against-<br><br>VERIZON NEW YORK INC. and JAMES MELCHIONE.,<br><br>          Defendants. | Case No. 17-cv-09390 (ALC)(KNF)<br><br>**NON-DISCLOSURE AGREEMENT** |

        I, _____, acknowledge that I have read and understand the Stipulation and Order for the Production and Exchange of Confidential Information in this action (the "Order"). I agree that I will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.

Dated: _____                   _____