UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN J. MULLIGAN, **Plaintiff**, -against- VERIZON NEW YORK INC. and JAMES MELCHIONE, **Defendants.** | 17-CV-9390 (ALC)(JW) **OPINION AND ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Pending before the Court is Plaintiff Steven J. Mulligan's ("Mulligan") motion for reconsideration. Plaintiff seeks reconsideration of the Court's March 31, 2022 opinion and order (the "Order") denying his motion for summary judgment and granting in part and denying in part Defendants' motion for partial summary judgment. (*See* Pl.'s Mot., ECF No. 85.) For the reasons stated below, the motion for reconsideration is **GRANTED**. Upon review, this Court's Order on the cross motions for summary judgment is hereby **MODIFIED** as set forth below.

I. BACKGROUND

A. Factual Background

The relevant facts of this case were fully set forth in the Order. Accordingly, familiarity with the facts is assumed and the summary to follow will only highlight those facts necessary for the motion presently before the Court.

Plaintiff brings disability discrimination and related claims against Defendants Verizon New York Inc. ("Verizon") and James Melchione ("Melchione") under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff filed an amended complaint on March 9, 2018, alleging claims against: (1) Verizon for failure to accommodate, retaliation, disability

discrimination and hostile work environment in violation of the ADA; (2) Melchione and Verizon for failure to accommodate, disability discrimination, retaliation, and hostile work environment in violation of the NYSHRL; (3) Verizon for retaliation in violation of the NYSHRL and (4) Verizon for retaliation in violation of Title VII. (*See generally*, Am. Compl., ECF No. 11.)

### B. The Opinion and Order

On March 31, 2022, the Court issued its Order denying Plaintiff's motion for summary judgment and granting in part and denying in part Defendants' motion for partial summary judgment. (Order, ECF No. 84 at 14.) Specifically, the Court denied summary judgment as to (1) Plaintiff's retaliation claims under the ADA and the NYSHRL (*i.e.*, the Third, Seventh and Eighth Causes of Action ("COA")) and (2) Plaintiff's discrimination claims under the ADA and NYSHRL relating to Plaintiff's deprivation of overtime from December 12, 2015 through August 10, 2016 (*i.e.*, the Fourth and Fifth COAs). (*Id.* at 9, 13.) The Court granted summary judgment and dismissed Plaintiff's cause of action for failure to accommodate under the ADA (*i.e.*, the First COA), hostile work environment under the ADA (*i.e.*, the Ninth COA) and retaliation under Title VII (*i.e.*, the Sixth COA). (*Id.* at 6, 10 and 13.) Lastly, the Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims that did not correspond to the remaining federal claims (*i.e.*, the Second and Tenth COAs). (*Id.* at 13.)

### C. The Motion for Reconsideration

Plaintiff filed the instant motion for reconsideration on April 14, 2022. (Pl.'s Mot., ECF No. 85.) The motion asks the Court to modify Section II of the Order which denied Defendants' motion for summary judgment motion as to the ADA and NYSHRL disability discrimination claims for deprivation of overtime. (*See generally* Pl.'s Mem., ECF No. 85.) Specifically, Plaintiff argues that the Court applied an incorrect 300-day statute of limitations to his NYSHRL

discrimination claim and asks the Court to modify the Order to apply a three-year statute of limitations to the NYSHRL claims. (*Id.* at 2.) Thus, Plaintiff asks the Court to modify the Order to specify that Defendants' motion for summary judgment was denied as to Plaintiff's NYSHRL discrimination claim from August 29, 2014 until August 10, 2016, instead of from December 12, 2015 to August 10, 2016. (*Id.*)

In response, Defendants argue that (1) Plaintiff mischaracterizes the Order, (2) Plaintiff's state action for disability discrimination warrants dismissal of the pre-December 12, 2015 NYSHRL claim and (3) the Court properly declined to exercise supplemental jurisdiction over the claim. (*See generally* ECF No. 90.) Defendants base their argument on their interpretation of the language in Section VI of the Order which dismissed Plaintiff's remaining state law claims "that do not correspond" to the federal claims that had been sustained by the Court. (Order at 13.) Defendants contend that this language signifies that the Court declined to exercise supplemental jurisdiction over Plaintiff's pre-December 12, 2015 NYSHRL claims because the corresponding pre-December 12, 2015 ADA claim were determined to be time barred. (*Id.* at 3.)

II.     **LEGAL STANDARD**

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Walker v. Carter*, 2016 WL 6820554, *2 (S.D.N.Y. Feb. 4, 2016) (citing *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)). A court will grant such a motion in only three circumstances: where the party seeking reconsideration identified (1) an intervening change of controlling law; (2) the availability of new law; or (3) the need to correct a clear error or prevent manifest injustice. *See Berg v. Kelly*, 343 F. Supp. 3d 419, 424 (S.D.N.Y. 2018) (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)). It is not simply an

3

opportunity for the moving party to present "the case under new theories" or otherwise take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *see also Svenningsen v. Ultimate Grounds Management, Inc.*, 2017 WL 3105871, *1 (S.D.N.Y. July 20, 2017).

The standard for granting such a motion is strict, and the decision to grant or deny a motion for reconsideration is one committed to the discretion of the district court. *Salveson v. JP Morgan Chase & Co.*, 663 Fed.App'x. 71, 75 (2d Cir. 2016) (internal quotations omitted); *Sigmon v. Goldman Sachs Mortgage Company*, 229 F.Supp.3d 254, 257 (S.D.N.Y. 2017). In general, any decision to grant a motion for reconsideration is one supported by a showing of exceptional circumstances, such as controlling decisions or data that the court overlooked. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (exceptional circumstances include matters "that might reasonably be expected to alter the conclusion reached by the court."); *Xiu Feng Li v. Hock*, 371 Fed. App'x 171, 175 (2d Cir. 2010).

### III. DISCUSSION

After careful consideration, the Court concludes that a three-year statute of limitations should have been applied to Plaintiff's NYSHRL disability discrimination claim. Under New York law, the statute of limitations for NYSHRL claims is three years. *See* N.Y. C.P.L.R. 214(2); *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 436 (S.D.N.Y. 2016). This period is tolled from the date when a charge is filed with the Equal Employment Opportunity Commission ("EEOC") until the right-to-sue letter is issued. *Nokaj v. N. E. Dental Mgmt., LLC*, No. 16-CV-3035 (KMK), 2019 WL 634656, at *7 (S.D.N.Y. Feb. 14, 2019); *see also Manello v. Nationwide Mut. Ins. Co.*, No. 11-CV-0243, 2012 WL 3861236, at *11 (E.D.N.Y. Sept. 4, 2012). By contrast, A plaintiff bringing a claim under the ADA must file a charge with the EEOC

within 300 days of the alleged unlawful employment practice.  *See* 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117(a); *see also Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325-28 (2d Cir. 1999).

Plaintiff alleges that even though he returned to work on August 29, 2014, he was not deemed a "fully-qualified" lineman until August 10, 2016 because of Defendants' discrimination on the basis of his disability.  (ECF No. 74 ¶¶ 88, 92, 103.)  This delay in full qualification limited the overtime pay to which he was allegedly entitled.  (*Id.* ¶ 96.)  Defendants moved for summary judgment on the disability discrimination claim under both the NYSHRL and ADA.  (ECF No. 60 at 12–15).  The Court denied summary judgment, finding there was a genuine issue of material fact as to whether Defendants had discriminated against Plaintiff.  (Order at 9.)  However, the Court also, applying the 300-day statute of limitations applicable to ADA claims, limited Plaintiff's discrimination claim to acts that occurred after December 12, 2015.  (*Id.* at 5, 7.)  However, this 300-day limitation period was also inadvertently applied to Plaintiff's NYSHRL claims, such that the Court likewise limited the NYSHRL claim to acts that occurred after December 12, 2015.  (*Id.* at 9, 14.)

Applying the correct three-year statute of limitations period, Plaintiff's NYSHRL disability discrimination claims from August 29, 2014 onward remain viable.  In the Order, the Court found that Plaintiff's denial of overtime constitutes an adverse employment action.  (*Id.* at 7–8.)  Plaintiff filed a charge with the EEOC on October 7, 2016.  (*See* ECF No. 74 ¶ 165.)  By this time, roughly 770 days of the three-year statute of limitations had elapsed since the claim first began to accrue on August 29, 2014 when Plaintiff returned to work as a lineman.  The limitation period was tolled for a period of 329 days, until September 1, 2017, when the EEOC issued its right to sue notice.  (ECF No. 11 ¶ 7.)  90 days later, Plaintiff filed the Complaint on

November 30, 2017, within three years (plus the tolled period) of August 29, 2014. Accordingly, Plaintiff may pursue his NYSHRL disability discrimination claim for denial of overtime from August 29, 2014 to August 10, 2016.

Finally, Defendants' interpretation of the Order is inaccurate. Section II of the Order denied summary judgment on Plaintiff's timely NYSHRL and ADA claims, finding that there were genuine issues of material fact as to whether Plaintiff was discriminated against by Defendants on the basis of his disability. (ECF No. 84 at 9.) In Section VI of the Order, regarding Plaintiff's remaining NYSHRL claims, the Court merely declined to exercise supplemental jurisdiction over the state law claims that were analogues to federal claims that had been dismissed by the Court—namely the Second and Tenth COAs. This ruling does not apply to Plaintiff's disability discrimination claims, which the Court found were viable under both the ADA and NYSHRL. The remainder of Defendants' arguments regarding the parallel state court proceeding and supplemental jurisdiction are without merit.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED**. The Court's March 31, 2022 Order is amended to clarify that:

- the Court denies Defendants' summary judgment motion as to Plaintiff's discrimination claim under the ADA as it relates to Plaintiff's deprivation of overtime from December 12, 2015 until August 10, 2016; and

- the Court denies Defendants' summary judgment motion as to Plaintiff's discrimination claim under the NYSHRL as it relates to Plaintiff's deprivation of overtime from August 29, 2014 until August 10, 2016.

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 85.

**SO ORDERED.**

Dated: December 16, 2022
        New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**